# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES R. MARRIOT,**

        **Plaintiff,**

    **vs.**                                           **Case No. 04-C-0945**

**OPES GROUP, et al.,**

        **Defendant.**

## DECISION AND ORDER

James Marriot ("Marriot") is suing the Opes Group, Multi-National Strategies, Steve Parker, John Raby, James Landis, and Michael Schwartz for negligence, breach of contract, and misrepresentation in connection with some investment strategies gone awry. Marriot filed his complaint in Waukesha County Circuit Court in Wisconsin, but Opes Group and its co-defendants removed the action here under the auspice that this Court has diversity jurisdiction. *See* 28 U.S.C. § 1332.

To show that the parties are completely diverse, the notice of removal alleged that Marriot is a Wisconsin citizen, Parker an Illinois citizen, Raby and Landis Colorado citizens, and Schwartz a New York Citizen. As for the citizenship of the business entities, the notice of removal goes on to allege that Opes Group is a Colorado limited liability company with its principal place of business in Colorado, and that Multi-National Strategies is a Delaware limited liability company with its principle place of business in Colorado. But the citizenship of a limited liability company is not measured by its place of incorporation or its principle place of business

for purposes of diversity jurisdiction; it is measured by the citizenship of its members. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Seizing on that error in the notice of removal, Marriot has asked the Court to remand this case to the Waukesha County Circuit Court, arguing that the Court cannot ascertain whether it has jurisdiction. In response, Opes Group and its co-defendants have filed affidavits showing that the members of Opes Group and Multi-National Strategies are citizens of Colorado and New Jersey—thus assuring the Court that complete diversity exists—and have requested leave of the Court to correct the notice of removal. *See* 28 U.S.C. § 1653.[1] Marriot candidly concedes that the matter is entrusted to the Court's discretion.

There is no problem with the Court's jurisdiction in this case. There never has been; the parties have always been completely diverse. The problem was that Opes Group and its co-defendants did not properly allege that citizenship is completely diverse. Because jurisdiction exists in fact, the Court sees no reason to remand the action to state court when the technical allegations can be quickly corrected by amending the notice of removal with information on the citizenship of the members of Opes Group and Multi-National Strategies, which 28 U.S.C. § 1653 allows. It is true that *Belleville Catering Co.* admonishes parties to "learn the legal rules that determine whose citizenship matters," *id.* at 694, but the Court is confident that that lesson has been learned. Opes Group and its co-defendants will be allowed

---

[1] 28 U.S.C. § 1653 provides in its entirety: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

to amend their notice of removal because jurisdiction has always properly existed in this Court; the parties just needed to bring out the right facts to make that apparent.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Marriot's Motion to Remand Action to Waukesha County Circuit Court [Docket No. 10] is **DENIED**.

The Defendants' Joint Motion to Amend Defendants' Notice of Removal [Docket No. 26] is **GRANTED**.

The clerk is directed to detach the Amended Notice of Removal of Civil Action Under 28 U.S.C. §§ 1332 & 1441 from the Defendant's Joint Motion to Amend Defendants' Notice of Removal [Docket No. 26] and file it.

Dated at Milwaukee, Wisconsin this 20th day of May, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**