# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES R. MARRIOTT,**

      **Plaintiff,**

    v.

**Case No. 04-C-0945**

**OPES GROUP, MULTI-NATIONAL STRATEGIES, STEVE PARKER, JOHN RABY, JAMES LANDIS, and MICHAEL SCHWARTZ,**

      **Defendants.**

## DECISION AND ORDER

This action is before the Court on the Motion to Dismiss all Claims for Lack of Personal Jurisdiction brought by the defendant John Raby ("Raby"). In his motion, Raby alleges that the plaintiff James R. Marriott ("Marriott") never served him with copies of the summons and complaint and, as a result, this Court lacks personal jurisdiction over Raby. (Br. in Supp. of Def. J. Raby's Mot. to Dismiss All Claims for Lack of Pers. Jurisdiction ["Supp. Br."] 1.) Marriott admits that proper service never occurred, but nevertheless argues that Raby waived any defense based on lack of personal jurisdiction. Even absent a finding of waiver, Marriott claims that good cause exists for the Court to grant an extension of time to serve Raby. (J. Marriott's Opp'n to J. Raby's Mot. to Dismiss for Lack of Pers. Jurisdiction ["Opp'n Br."] 1.)

Rule 4(m) of the Federal Rules of Civil Procedure governs the timeliness of service of process. In particular, the rule states that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In other words, if a plaintiff does not serve a defendant within 120 days after filing a complaint, the Court must extend the time for service upon a showing of good cause. In the absence of good cause, a plaintiff may obtain a permissive extension by convincing the court that the failure to timely serve was the result of excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). A plaintiff may circumvent altogether the penalties for failing to timely serve a defendant if the defendant waived its right to assert the defense of lack of personal jurisdiction. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993).

Here, Marriott did not serve Raby with a summons and complaint within 120 days of the Defendants' Notice of Removal. (Decl. of J. Raby 1.) Therefore, Marriott now bears the burden of showing that Raby waived his personal jurisdiction defense. Alternatively, Marriott may obtain an extension from the Court by either showing good cause for his failure to timely serve Raby or demonstrating that a permissive extension is warranted.

I. Waiver of Defense of Lack of Personal Jurisdiction

A defendant may waive a lack of service defense in several ways. *Trs. of Central Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991). A party automatically waives a personal jurisdiction defense if "it is neither made by motion under [Rule 12] nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made

as a matter of course." Fed. R. Civ. P. 12(h); *see also O'Brien*, 998 F.2d at 1400. In addition, a party may waive the defense formally or submit to a court's jurisdiction through conduct. *Lowery*, 10 F.3d at 732. In determining whether a party has waived a personal jurisdiction defense through conduct, courts consider how long a party waited before raising the defense, *id.*, whether the party failed to promptly and particularly raise the defense, *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993), whether the party intended to submit to the court's jurisdiction, *Schmude v. Sheahan*, 214 F.R.D. 487, 493 (N.D. Ill. 2003), the extent and nature of the party's participation in the case prior to raising the issue, *Continental Bank*, 10 F.3d at 1297; *Schmude*, 214 F.R.D. at 493, and whether the party was aware of the pendency of the action in a manner and at a time that afforded the party a fair opportunity to answer the complaint and present defenses and objections, *Schmude*, 214 F.R.D. at 494 (citing *Henderson v. United States*, 517 U.S. 654, 672 (1996)).

Raby did not waive his lack of service defense under Rule 12(h) because he asserted that defense in his Answer filed on October 27, 2004. (*See* Answer and Affirmative Defenses of Defs. Multi-National Strategies, M. Schwartz and J. Raby 9.) Nor did he formally waive service. Therefore, waiver occurred, if at all, through Raby's conduct during the pendency of this case.

When Raby filed his motion to dismiss, the present case had been pending for almost a year. However, less than seven months had passed between January 28, 2005, the last day Marriott could have timely served Raby, and August 8, 2005, the day Raby's Motion to Dismiss was filed. Marriott cites several cases in which courts considered lapses of time when assessing claims of waiver through conduct. None of those courts, however, found waiver after only one

year of pendency and six months of delay between the end of the time for service and the filing of a motion to dismiss. Of the cases cited by Marriott, the shortest period of delay that constituted a waiver through conduct was two years. In *Schmude*, the court held that the defendant had "forfeited" his lack of service defense because two years passed before the defendant raised the issue. 214 F.R.D. at 492.

Raby argues that he could not have been expected to file his motion to dismiss until he knew which court would hear the motion. Therefore, Raby reasons, the Court's waiver analysis should not include the time between January 28, 2005, and May 20, 2005. Raby further contends that his activity in the case after May 20th was merely "ministerial" in nature (Reply Br. in Supp. of Def. J. Raby's Mot. to Dismiss All Claims for Lack of Pers. Jurisdiction ["Reply Br."] 7), and is therefore distinguishable from participation in the action "on the merits," which might create waiver. *See Cont'l Bank*, 10 F.3d at 1297. However, under an alternative consideration of these factors, one might find Raby's actions unreasonable. That is to say, if a defendant believes that no court has personal jurisdiction in the first instance, why would the defendant waste effort filing a Notice of Removal, opposing a Motion to Remand, completing a Rule 26 Report, and participating in a scheduling conference?[1] *Cf. Schumde*, 214 F.R.D. at 493. Thus, like the court in *Schmude*, this Court does not see such a clear distinction between participation in procedural,

---

[1] Marriott notes that Raby and the other Defendants, in the Notice of Removal, submitted to the Court that "[a]ll other defendants were served not earlier than September 6, 2004." (Opp. Br. 3 n.1)(quoting Notice of Removal ¶ 10). In response, Raby argues that the statement was correct since "Raby *was not* served before September 6, 2004, as he had not been served at all." (Reply Br. 9). However, such a construction of the statement demonstrates nothing more than an attempt at grammatical sleight of hand. The adverb "not" in the statement from the Notice of Removal is positioned so as to modify the adverb "earlier" and *not* the past participle "served." Thus, the predicate of the sentence "were" links the subject of the sentence "all defendants" to the past participle "served," indicating that all defendants had been served, but none earlier than September 6, 2004. Regardless, Marriott does not argue that this statement misled him into believing that service had in fact been effected upon Raby, and thus the statement is largely irrelevant.

–4–

as opposed to substantive, aspects of a case in determining whether a party submitted to a court's jurisdiction through conduct.

In sum, Raby's activity in this suit marginally supports an argument for waiver by conduct. However, though Raby waited several months before asserting his defense, Marriott has not satisfied the Court that Raby tarried before asserting his defense and thereby relinquished it. The cases of waiver cited by Marriott entail much longer periods of involvement in actions and more substantial delay before the jurisdictional defense was raised. Raby has made a plausible argument that his delay is attributable, in part, to the process of determining which court would ultimately hear the case. The Court finds that Raby has not waived his defense.

II.    Mandatory Extension for Good Cause

Marriott initially tried to serve Raby in Colorado, but the process server was apparently unsuccessful for reasons which Marriott has not elaborated upon. (Opp'n Br. 4-5.) The Court does not know whether Marriott's former counsel even responded to the process server's message that service had not yet been achieved. Marriot does not allege that any further attempts were made to serve Raby. Essentially, Marriott's "good cause" argument is that, in the course of arguing removal and remand issues and after a change of counsel, the failure to serve Raby simply "slipped through the cracks." (Opp'n Br. 5.)

"Good cause," as that phrase is defined in the context of Rule 4, implies, at the very least, some showing of reasonable diligence. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1994) (quoting *Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992)). Good cause exists when the plaintiff can show that the delay was justifiable, as when, for example, the defendant evaded

service or led the plaintiff to believe he or she had already been served. *Coleman*, 290 F.3d at 934; *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). Here, the efforts of Marriott's counsel do not evince diligence, and Marriott has offered nothing to prove evasion of service or other factors bearing on good cause. Therefore, the Court is not required to extend the time for Marriott to serve Raby with a summons and complaint.

## III. PERMISSIVE EXTENSION

When good cause is not shown, a court must still consider whether to grant a permissive extension. *Panaras*, 94 F.3d at 340-41. The Court of Appeals for the Seventh Circuit has stated that, while permissive extensions are discretionary, a showing of excusable neglect by the plaintiff will usually be enough to secure such an extension. *Coleman*, 290 F.3d at 934. Courts, when determining whether to permit an extension of time for service, may consider the hardships each party will suffer and grant an extension where the balance favors the plaintiff. *Id*. In such situations, "most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships." *Id*.

Likewise, if the Court grants a permissive extension in the instant case, Raby's defense against Marriott's claims will not be impaired or prejudiced. By contrast, absent an extension, Marriott's misrepresentation claim would likely be barred by the three-year limitations period of section 100.18(11)(b)(3) of the Wisconsin Statutes. (Opp'n Br. 6.) Since the acts allegedly giving rise to the misrepresentation claim occurred in approximately October of 2001, the limitation period has likely already expired. *See id*. Furthermore, non-compliant service of

process does not "commence" an action in Wisconsin for purposes of tolling a limitation period. Wis. Stat. §§ 893.02, 893.13; *see McMillan-Warner Mut. Ins. v. Kauffman*, 465 N.W.2d 201, 202-04 (Wis. Ct. App. 1990). Therefore, the balance of hardships favors Marriott and, in accord with *Coleman*, the Court finds excusable neglect.

IV. CONCLUSION

Raby has been aware of Marriott's claims against him throughout the pendency of this case and has had ample opportunity to prepare his defense. Up to this point, Raby has filed an answer, engaged in discovery, and participated in a scheduling conference. Though not served, Raby has fully participated in the action thus far and has not suffered any prejudice or detriment from the failure to serve. The goals of service of process have been met. Not permitting further attempts to serve Raby would likely cause Marriott severe hardship in prosecuting his action. In view of the general preference for deciding actions on the merits and the finding of excusable neglect, the Court will grant Marriott a permissive extension of time for serving Raby.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Raby's Motion to Dismiss All Claims for Lack of Jurisdiction (Docket No. 42) is **DENIED**. Marriott **SHALL** serve Raby, no later than January 1, 2006, with a copy of the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin this 28th day of November, 2005.

         **BY THE COURT**

         **s/ Rudolph T. Randa**
         **Hon. Rudolph T. Randa**
         **Chief Judge**