# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES R. MARRIOTT,

    Plaintiff,

 v.                      Case No. 04-C-945

OPES GROUP, MULTI-NATIONAL
STRATEGIES, STEVE PARKER, JOHN RAABE,
JAMES LANDIS, and MICHAEL SCHWARTZ,

    Defendants.

## DECISION AND ORDER

On August 27, 2004, James R. Marriott ("Marriott") filed his complaint in Wisconsin state court alleging negligence, breach of contract, and misrepresentation by the defendants. These claims arise out of damages that Marriott allegedly suffered after enrolling in two investment programs offered by the defendants. On September 30, 2004, that action was removed to this Court on the basis of diversity jurisdiction. Four motions are now pending before the Court: (1) Marriott's expedited, non-dispositive motion to extend the time for serving the defendant John Raby ("Raby"); (2) the expedited, non-dispositive motion of defense counsel, Hale & Wagner, S.C., to withdraw; (3) Marriott's expedited, non-dispositive motion for a scheduling conference; and (4) the defendant James Landis's motion to proceed *pro se*. The Court considers these motions in turn.

I.      Motion for Extension of Time

Previously, Raby moved the Court to dismiss him from the instant action for lack of personal jurisdiction. Raby, in his motion, explained that he had not been served with a summons or a copy of the complaint. Denying Raby's motion, the Court, by Order dated November 28, 2005, granted Marriott an extension of time, until January 1, 2006, in which to effect proper service of process on Raby.

On December 29, 2005, the Court received Marriott's expedited, non-dispositive motion seeking another extension of time. (With the previous extension, Marriott has now had almost one year in which to serve Raby.) Marriott states that his hired process server has made several attempts to serve Raby, but without success. In his motion, Marriott relays one attempt where the process server went to Raby's residence and rang the doorbell, though no one answered. At that time, the lights in Raby's house were on, his garbage can was at the curb of the street, and the house's window blinds were drawn. Upon returning the next morning, the process server noted that Raby's garbage can was no longer at the curb. The inference to be drawn, according to Marriott, is that "there is circumstantial evidence that Raby . . . was at home . . . but refused to answer the door." (Marriott's R. 7.4 Expedited Non-Dispositive Mot. to Extend the Court's Jan. 1, 2006 Deadline for Effecting Service of the Summons and Compl. on Def. J. Raby ["Mot. to Extend"] 2.) Another time, the process server went to Raby's house and observed both lights on and music playing within. (*Id.*) Again, no one answered the door. On another occasion, the process server left a message on

2

Raby's answering machine; Raby did not respond. (*Id.*) Marriott's counsel even asked Raby's counsel to accept service, but they refused. (*Id.* 2, 3.) These incidents, according to Marriott, point to evasion of service.

Neither party has identified the standard that the Court should apply when considering Marriott's request. The Court previously granted a permissive extension of the time to serve pursuant to Rule 4 of the Federal Rules of Civil Procedure. However, insofar as the current motion seeks an extension of a previous Court order and that request was made before the passing of the new service deadline, the Court applies the "cause shown" standard of Rule 6 of the Federal Rules of Civil Procedure. Rule 6 allows the Court to enlarge the time within which an act may be performed "for cause shown . . . with or without motion or notice . . . if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Fed R. Civ. P. 6(b).

Raby provides reasonable explanations for those signs that Marriott thinks are indicative of evasion. (*See* Br. in Opp'n to Marriott's R. 7.4 Expedited Non-Dispositive Mot. to Extend the Court's Jan. 1, 2006 Deadline for Effecting Service of the Summons and Compl. on Def. J. Raby 1-2.) The Court, therefore, based on the record before it, cannot say that Raby is evading service.[1] The Court, however, cannot agree with Raby's assessment that

---

[1] On January 12, 2006, the Court received a letter from Marriott's counsel asking the Court to consider a document attached thereto. That document, an "Affidavit of Evasion," purportedly details "direct evidence" that Raby is evading service. Counsel for Raby filed a responsive letter on the same date. The Court has not considered either of these filings. Marriott provided the affidavit after the briefing of the request for an extension of time had concluded and Marriott did not explain why the affidavit was not produced in the first instance. Because the Court has not considered the affidavit, the Court need not consider Raby's response letter.

3

Marriott has not been diligent in his service attempts. The exhibits attached to the declaration of Lee M. Seese evidence multiple attempts both to contact and serve Raby by Marriott's process server. Because Marriott has made a concerted effort to serve Raby, the Court will grant the request for an extension of time in which to effect service of process.

II.     Motion to Withdraw

On January 3, 2006, the law firm of Hale & Wagner, S.C. ("Hale & Wagner"), local counsel for the defendants Opes Group, James Landis and Steve Parker ("the Defendants"), filed a motion to withdraw from this case. Previously, on December 16, 2005, the Court granted a motion to withdraw filed by the firm of Connelly Roberts & McGivney, the Defendants' counsel in Chicago. In communications with the Defendants, Hale & Wagner explained that it would not take the role of lead counsel in this action, the Defendants were not meeting their financial obligations, and Hale & Wagner would seek withdrawal if the agreed-to terms of continuing representation were not satisfied. (R. 7.4 Expedited Non-Dispositive Mot. to Withdraw of Hale & Wagner, S.C. ["Mot. to Withdraw"] 2, ¶ 4.) Hale & Wagner asserts that the Defendants "have made no effort to meet [the] terms of continuing representation," and, as a result Hale & Wagner is severely hampered in its attempts to provide a zealous defense.

Neither Marriott nor the other defendants, Multi-National Strategies, LLC and Michael Schwartz ("the MNS Defendants"), oppose Hale & Wagner's motion, but both have expressed concerns over the effects of withdrawal on the current discovery schedule.

4

Marriott explains that the depositions of the defendants Parker, Raby, Landis and Schwartz are all scheduled for January. If the motion to withdraw is granted, those depositions may need to be rescheduled and the Court's deadline for completing non-expert discovery, now set for January 31, 2006, may require revision. Marriott asks the Court either to order a scheduling conference, or order the Defendants to retain new counsel by a date certain (or declare their *pro se* status to the Court). These concerns appear not only in Marriott's response, but in a separate Rule 7.4 motion that he filed on January 12, 2006. That motion asks the Court to set a scheduling conference to establish a new schedule for this action. The MNS Defendants second Marriott's views as stated in his response to the motion to withdraw, but the MNS Defendants state that the entire discovery schedule may require modification.

Wisconsin Supreme Court Rule 20:1.16(b) allows a lawyer to withdraw from representing a client if that withdrawal can be accomplished without adverse effect or if

> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (6) other good cause for withdrawal exists.

Wis. SCR 20:1.16. The Court is satisfied that the Defendants have failed to meet their financial obligations to Hale & Wagner and that continued representation would unreasonably burden that firm. Hale & Wagner has made multiple attempts to resolve this problem and communicate its concerns to its clients, but without success. The Defendants

5

have also been provided adequate notice of Hale & Wagner's intention to withdraw. The motion to withdraw is granted.

III.    Motion for a Scheduling Conference

Regarding the current discovery schedule, the Court will consider requests to modify dates based on the present circumstances. However, neither Marriott nor the MNS Defendants have proposed any new dates or modifications. The withdrawal of Hale & Wagner does not necessarily disrupt this action's schedule; unrepresented parties are still bound by the Court's schedule. Any party may seek to have prescribed deadlines modified in accordance with this Court's local rules and the Federal Rules of Civil Procedure.

At this juncture, the Court will not conduct another scheduling conference. Contrary to Marriott's representation in its motion for a scheduling conference, "representation issues" should be addressed by the parties themselves. If an unrepresented party requires more time to finish discovery than the present schedule permits, he must move the Court accordingly. Similarly, if an unrepresented party is resisting discovery efforts, the party seeking the information may move the Court for relief as appropriate. The Court's intervention, at least for the present, is unnecessary; the parties may stipulate to changes in the scheduling order and submit those proposed alterations to the Court for consideration and approval.

IV.     Landis's Motion to Proceed Pro Se

On January 10, 2006, the Court received James Landis's expedited, non-dispositive motion to appear *pro se*. In that motion, Landis indicates that the firm of Connelly Roberts

6

Case 2:04-cv-00945-RTR    Filed 01/19/06    Page 6 of 8    Document 118

& McGivney has already withdrawn from the action, and Landis cannot afford to retain Hale & Wagner. Insofar as the Court has granted Hale & Wagner's motion to withdraw, the parties represented by it and Connelly Roberts & McGivney are now considered *pro se* unless they inform the Court otherwise. Thus, Landis need not move the Court to obtain *pro se* status.

On a cautionary note, the Court informs Landis and any other parties proceeding without the aid of counsel that a litigant's *pro se* status does not exempt him from exacting compliance with this Court's local rules and orders, as well as the Federal Rules of Civil Procedure. Failure to comply with these rules and orders, or to meet set deadlines, may result in the striking or denial of motions, the imposition of sanctions, and/or the entry of judgment against a party.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Marriott's Rule 7.4 Expedited Non-Dispositive Motion to Extend the Court's January 1, 2006 Deadline for Effecting Service of the Summons and Complaint on Defendant John Raby (Docket No. 90) is **GRANTED**. Marriott **SHALL** serve Raby, no later than February 6, 2006, with a copy of the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.

The Rule 7.4 Expedited Non-Dispositive Motion to Withdraw of Hale & Wagner, S.C. (Docket No. 93) is **GRANTED**.

The Rule 7.4 Expedited Non-Dispositive Motion of Defendant Landis to Appear Pro Se (Docket No. 104) is **DISMISSED** as moot.

Marriott's Rule 7.4 Expedited Non-Dispositive Motion for the Court to Hold a Status Conference in this Matter (Docket No. 109) is **DENIED**.

Dated at Milwaukee, Wisconsin this 19th day of January, 2006.

                        **BY THE COURT**

                        s/ Rudolph T. Randa
                        **Hon. Rudolph T. Randa**
                        **Chief Judge**