# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES R. MARRIOTT,

                **Plaintiff,**

   v.                                                                      **Case No. 04-C-945**

OPES GROUP, MULTI-NATIONAL
STRATEGIES, STEVE PARKER, JOHN RAABE,
JAMES LANDIS, and MICHAEL SCHWARTZ,

                **Defendants.**

## DECISION AND ORDER

On August 27, 2004, James R. Marriott ("Marriott") filed his complaint in Wisconsin state court alleging negligence, breach of contract, and misrepresentation by the defendants. These claims arise out of damages that Marriott allegedly suffered after enrolling in two investment programs offered by the defendants. On September 30, 2004, that action was removed to this Court on the basis of diversity jurisdiction. On August 8, 2005, Multi-National Strategies, LLC, Michael Schwartz ("Schwartz"), and John Raby, (collectively, "the MNS Defendants"), filed a motion to compel arbitration, which the Court denied in an order dated December 15, 2005.

The MNS Defendants have filed an appeal, pursuant to 9 U.S.C. § 16(a)(1)(A) or (B), of the Court's denial of their request to compel arbitration. On January 19, 2006, the MNS Defendants filed an expedited, non-dispositive motion to stay this Court's proceedings until

their appeal is resolved. The MNS Defendants "believe a stay of this action to permit arbitration is required because of various provisions in the applicable trading program agreements that the Plaintiff entered into with an MNS affiliate involved in the transactions at issue." (Defs. Multi-National Strategies, LLC, M. Schwartz, and J. Raby's Notice of Mot. and R. 7.4 Expedited Non-Dispositive Mot. to Stay All District Court Proceedings Pending Appeal of Decision to Deny Mot. to Compel Arbitration ["the Motion"] 1.)

Marriott argues that the Court should not stay proceedings. Marriott's argument is straightforward: The MNS Defendants are not entitled to a stay because they have not shown their appeal to be non-frivolous. Put more simply, Marriott thinks the appeal is frivolous. Marriott also revives an argument that he made while the Court was resolving the motion to compel arbitration. He contends that the MNS Defendants waived any right to compel arbitration "by removing the case and then waiting eleven months to file their motion to compel arbitration." (J. Marriott's Br. in Opp'n to Multi-National Strategies LLC's, J. Raby's, and M. Schwartz's Mot. to Stay All Proceedings in the District Court Pending Their Appeal ["the Response"] 2.) The Court will not address this latter argument because it concerns whether arbitration may be compelled, a subject over which the appellate court now has jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

Courts should stay proceedings while appeals are pending under 9 U.S.C. § 16(a)(1)(A) or (B) arising from the denial of a motion to compel arbitration. *Bradford-*

2

*Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504 (7th Cir. 1997). Marriott does not dispute this maxim, but argues that the MNS Defendants must discharge the burden of showing that their appeal is not frivolous. The Seventh Circuit addressed a related concern in *Bradford-Scott*. Analyzing a Ninth Circuit ruling refusing to impose a stay, the Seventh Circuit examined the rationale that "an automatic stay would give an obstinate or crafty litigant too much ability to disrupt the district judge's schedule by filing frivolous appeals." *Bradford-Scott Data Corp.*, 128 F.3d at 506. The Seventh Circuit commented that, while such concerns are legitimate, an appellee can always "ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily." *Id*. The Seventh Circuit further noted that "[e]ither the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case." *Id*.

Neither party has apprised the Court of the standard that governs the MNS Defendants' request. Nor have the MNS Defendants identified those specific points that they intend to argue on appeal. As such, the Court cannot say that the MNS Defendants' appeal is frivolous or non-frivolous. Marriott argues that the MNS Defendants must establish the non-frivolity of their appeal in order to obtain a stay. (Resp. 3.) The Court is not convinced. *Bradford-Scott* suggests that a notice of appeal brings proceedings to a halt unless an appeal is frivolous. *Bradford-Scott Data Corp.*, 128 F.3d at 506. The Court understands this to mean that the proceedings will be halted unless there is a showing of frivolity. The burden of such a showing would fall to Marriott in the present instance. Furthermore, though the

3

Court was not persuaded by the arguments raised by the MNS Defendants in this forum, that does not render those arguments frivolous. Undoubtedly, these same arguments will be raised before the Court of Appeals.

Understanding that non-frivolous arguments are before the Court of Appeals, this Court finds that the imposition of a stay is appropriate. On a practical note, the parties have not briefed how broad the stay should be. The MNS Defendants ask for a stay of "all proceedings on the merits, including discovery, in the above-captioned matter . . . ." (Mot. 3.) Based on this language, the MNS Defendants seek a stay of all proceedings related to all parties. The Court, without argument from the parties, will not attempt to determine whether a partial stay–i.e., a stay of discovery and proceedings related only to the MNS Defendants–is feasible or warranted. The Court bases its decision to stay this entire action on a desire to avoid potential scheduling conflicts that may arise in the event that the Seventh Circuit affirms this Court's decision.

The Court recognizes that its ruling may seem onerous to Marriott, causing a delay in his ability to prosecute his suit. However, Marriott still has options. For one, he may ask the Court of Appeals for an expedited appeal. Or, once the MNS Defendants have revealed their appellate arguments, he may ask this Court to revisit the imposition of the stay if Marriott thinks the appeal is frivolous. Alternatively, Marriott may ask the Court of Appeals to declare the appeal to be frivolous. Marriott may also seek reconsideration of the scope of the present decision. For example, Marriott may present arguments why the stay should be

4

limited to the MNS Defendants, assuming discovery can proceed without disruption for the remaining defendants.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Defendants Multi-National Strategies, LLC, Michael Schwartz and John Raby's Notice of Motion and Rule 7.4 Expedited Non-Dispositive Motion to Stay All District Court Proceedings Pending Appeal of Decision to Deny Motion to Compel Arbitration (Docket No. 116) is **GRANTED**.

All proceedings in this Court are **STAYED** pending the issuance of a decision from the Court of Appeals regarding the appeal of this Court's denial of the MNS Defendants' Motion to Compel Arbitration.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**