**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JAMES R. MARRIOTT,

           **Plaintiff,**

   v.                                  **Case No. 04-C-945**

OPES GROUP, MULTI-NATIONAL
STRATEGIES, STEVE PARKER,
JOHN RABY, JAMES LANDIS,
and MICHAEL SCHWARTZ,

           **Defendants.**

## DECISION AND ORDER

This matter comes before the Court on the joint motion to dismiss that the plaintiff,

James Marriott, and three of the defendants, Multi-National Strategies, John Raby, and

Michael Schwartz (collectively, the "MNS Defendants"), filed on September 28, 2006.

Marriot and the MNS Defendants reached a confidential settlement agreement, and properly

filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

Accordingly, the Court will dismiss the MNS Defendants, with prejudice, and without costs

to either party.

Marriot has not settled its claims against Opes Group or James Landis. Accordingly,

the Court will order a scheduling conference with the remaining parties.

The parties are also put on notice that a corporation cannot represent itself pro se. *See*

*Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("A

1

'corporation' is an abstraction, and abstractions cannot appear pro se.") The Court expects, therefore, that by the time of the scheduling conference Opes Group will have retained new counsel.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Multi-National Strategies, John Raby, and Michael Schwartz are **DISMISSED** from this action.

Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **January 17, 2007,** at **9:30 a.m.** (Central Time) for the remaining parties. The Court will initiate the call.

The purpose of the conference call will be to establish a Scheduling Order which will limit the time:

      1.      to join other parties and to amend the pleadings;

      2.      to file and hear motions;

      3.      to complete discovery; and

      4.      to disclose experts.

The Scheduling order may also include:

      5.      the date or dates for subsequent Rule 16 conferences, a final

              pretrial conference and trial; and

6.      any other matters appropriate in the circumstances of the

case.

The time limitations set forth in the Scheduling Order shall not be modified

except upon showing of good cause and by leave of the Court.  Fed. R. Civ. P. 16(b)(6).

Special attention should be given to Rule 26(f), which requires the parties to

conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial

scheduling conference described above.  The Rule 26(f) conference may be conducted by

telephone.   Rule 26 also mandates that the parties, within fourteen (14) days of their

conference: (1) file a written report outlining the proposed discovery plan they have

developed at their Rule 26(f) conference; and (2) make the required initial disclosures under

Rule 26(a) regarding witnesses and documents.  In addition to the matters specified in

subsections (1)-(4) of Rule 26(f), the Court requests that the proposed discovery plan

submitted by the parties include a very brief statement of the nature of the case, lasting no

more than several sentences.

Dated at Milwaukee, Wisconsin this 1st day of November, 2006.

**BY THE COURT**


s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

3